UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

CECILE GOGOL,

                               Plaintiff,

    -v-

THE CITY OF NEW YORK; New York City Police Department ("NYPD") Officer ("P.O.") AHMED ABDALLA (Shield No. 7927) and P.O. JOHN DOE, in their individual capacities,

                              Defendants.

**COMPLAINT AND DEMAND FOR A JURY TRIAL**

Index No.

------------------------------------------------------------------------x

       Plaintiff Cecile Gogol, by her attorneys Mark C. Taylor and Gillian Cassell-Stiga of Rankin & Taylor, PLLC, for his complaint, does hereby state and allege:

### PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the First, Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983.

2. Plaintiff Cecile Gogol's rights were violated when officers of the New York City Police Department ("NYPD") unconstitutionally detained and arrested plaintiff despite the absence of probable cause. By reason of defendants' actions, including the unreasonable and unlawful seizure of her person, plaintiff was deprived of her constitutional rights.

3. Plaintiff also seeks an award of compensatory and punitive damages and attorneys' fees.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that plaintiff's claim arose in the Southern District of New York.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

## PARTIES

7. Plaintiff Cecile Gogol is, and was at all times relevant to this action, a resident of the County of New York in the State of New York.

8. Defendant The City of New York ("City") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant City assumes the risks incidental to the maintenance of a police force and police officers as said risks attach to the public consumers of the services provided by the NYPD.

9. NYPD Officer ("P.O.") Ahmed Abdalla (Shield No. 7927) ("Abdalla") and P.O. John Doe (referred to collectively as the "individual defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

10. The individual defendants are being sued herein in their individual and official capacities.

11. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance

of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

12. The individual defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of plaintiff's rights.

13. At all relevant times, the individual defendants were engaged in joint ventures, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

## STATEMENT OF FACTS

14. Ms. Gogol was unlawfully arrested by P.O. Abdalla on the evening of March 15, 2015, at West 57th Street and 7th Avenue in the County and State of New York.

15. Ms. Gogol was walking on a public sidewalk when she noticed a police barricade and inquired with P.O. Abdalla as to the cause.

16. P.O. Abdalla only rudely answered that she should step away.

17. Ms. Gogol asked P.O. Abdalla why she needed to move.

18. P.O. Abdalla again told Ms. Gogol step away.

19. Ms. Gogol turned around and began to walk away from the officer. She then briefly turned around and said, "Courtesy and Respect" before continuing to walk away.

20. Ms. Gogol then heard the officer say "Do you have ID."

21. P.O. Abdalla ran towards Ms. Gogol and demanded Ms. Gogol show him identification.

22. Ms. Gogol asked P.O. Abdalla whether she was under arrest. She then told him in sum and substance, that she did not have to show him her identification unless she was under arrest.

23. P.O. Abdalla informed Ms. Gogol that if she did not produce identification he would arrest her.

24. Ms. Gogol placed her hands behind her back.

25. P.O. Abdalla handcuffed Ms. Gogol. He informed her that he was going to charge her with resisting arrest, disorderly conduct, and obstruction of government administration.

26. Ms. Gogol was then brought to the patrol car, where P.O. Abdalla briefly removed the handcuffs so that Ms. Gogol's handbag could be removed from the arm from which it hung. He then re-cuffed her.

27. Ms. Gogol was taken to the precinct where she received a DAT.

28. As a result of her arrest, Ms. Gogol spent under two hours in Defendant's custody.

29. Ms. Gogol was charged with Obstructing Government Administration in the Second Degree (P.L. § 195.05), Disorderly Conduct (P.L. § 240.20(2)), and Disorderly Conduct (P.L. § 240.20(3)).

30. The charges were based upon the false statements of P.O. Abdalla.

31. Mr. Gogol was forced to appear in court on one occasion before accepting an adjournment in contemplation of dismissal on June 17, 2015.

## FIRST CLAIM
## DEPRIVATION OF RIGHTS
## UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. §1983
(Against the individual defendants)

32. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

33. By their conduct and actions in falsely arresting plaintiff, arresting plaintiff in retaliation for protected activity and the prior restraint of the same, and fabricating evidence, defendant P.O. Abdalla, acting under color of law and without lawful justification, intentionally, and/or

4

with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed through 42 U.S.C. § 1983 and the United States Constitution, including its First, Fourth and Fourteenth Amendments.

34. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM FOR RELIEF
## 42 U.S.C. § 1983
## VIOLATIONS OF THE FOURTH AND FOURTEENTH AMENDMENTS
### (Against the City of New York)

35. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

36. At all times material to this complaint, defendant The City of New York had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

37. At all times material to this complaint, defendant The City of New York failed to properly train, screen, supervise, or discipline its employees and police officers, including defendant P.O. Abdalla and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline defendant P.O. Abdalla.

38. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

39. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## JURY DEMAND

40. Plaintiff demands a trial by jury in this action on each and every one of her damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a. That she be compensated for violation of her constitutional rights, pain, suffering, mental anguish, and humiliation; and

b. That she be awarded punitive damages against the individual defendants; and

c. That she be compensated for attorneys' fees and the costs and disbursements of this action; and

d. For such other further and different relief as to the Court may seem just and proper.

Dated:   New York, New York
         July 20, 2015

Respectfully submitted,

By: _____
Gillian Cassell-Stiga
Mark C. Taylor
Rankin & Taylor, PLLC
11 Park Place, Suite 914
New York, New York 10007
t: 212-226-4507