UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CECILE GOGOL,

                      Plaintiff,

- against -

THE CITY OF NEW YORK; NEW YORK POLICE DEPARTMENT OFFICER ("P.O.") AHMED ABDALLA (SHIELD NO. 7927) and POLICE OFFICER JOHN DOE, in their individual capacities,

                      Defendants.

**OPINION AND ORDER**

15 Civ. 5703 (ER)

Ramos, D.J.:

      Cecile Gogol brought this action pursuant to 42 U.S.C. § 1983 against the City of New York and two New York City Police officers alleging false arrest, denial of fair trial based on fabrication of evidence, First Amendment retaliation, and municipal liability. By Opinion and Order filed on August 10, 2017 (the "August 2017 Order"), Doc. 53, the Court denied defendants' motion for summary judgment on all claims except the claim for municipal liability, which Plaintiff agreed to voluntarily dismiss. *Id.* at 25. Trial on the three remaining claims against the one remaining defendant, Police Officer Ahmed Abdalla, is now scheduled to commence on February 4, 2019.

      Pending before the Court are the parties' motions *in limine*, Docs. 61 and 66, which are resolved as set forth below. The relevant facts and procedural history are extensively set forth in the August 2017 Order, familiarity with which is presumed. The Court discusses below only those facts necessary to resolve the pending motions, including facts and documents submitted via the declarations of Gillian Cassell-Stiga, counsel for plaintiff, Docs. 68 and 73. Unless

otherwise stated, dismissal of any particular motion is without prejudice to renew at trial as appropriate.

**I.     Discussion**

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *Luce v. United States,* 469 U.S. 38, 40 n. 2 (1984); *Palmieri v. Defaria,* 88 F.3d 136, 141 (2d Cir.1996) (same). "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *United States v. Paredes,* 176 F.Supp.2d 179, 181 (S.D.N.Y.2001). Indeed, courts considering a motion *in limine* may reserve decision until trial, so that the motion is placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Grp.,* 937 F.Supp. 276, 283 (S.D.N.Y.1996). Further, the court's ruling regarding a motion *in limine* is "subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected]." *Luce,* 469 U.S. at 41.

**II.    Plaintiff's Motions in Limine**

Plaintiff makes three motions *in limine*.

   a. <u>Awards or Commendations</u>

First, she moves to preclude Abdalla from offering any evidence concerning any awards or commendations he or his fellow officers who may be called as witnesses have received during their time as law enforcement officers. In response, Abdalla represents that he does not intend to solicit such testimony or offer such evidence. Accordingly, the motion is DENIED as moot.

   b. <u>Permission to Ask Leading Questions of non-Party Witness P.O. Thompson</u>

Plaintiff requests permission to ask leading questions of P.O. Akema Thompson, who was present at the location where Plaintiff was arrested and whom she intends to call as a witness

in her case in chief. Rule 611 of the Federal Rules of Evidence generally prohibits the use of leading questions on direct examination, but provides that they may be used when a party calls a hostile witness or a witness identified with an adverse party. Fed. R. Evid. 611(c)(2). Here, P.O. Thompson is not named as a defendant and is not a witness to the events that lead to the arrest of Ms. Gogol. According to the information before the Court, P.O. Thompson first became aware of Ms. Gogol after she had been arrested by Abdalla, or at least after the decision to arrest her had already been made. *See* Doc. 68, Ex. B at 6. Thus, while she may have been partnered with Abdalla on the day of Plantiff's arrest, because she did not witness the critical events and played no role in the decision to arrest Plaintiff, there is no basis to conclude, as Plaintiff argues, that "P.O. Thompson will side with her fellow officer." Doc. 67 at 7.

Accordingly, the motion is DENIED at this juncture.

    *c.* *Jury Instruction on Crimes or Violations Unsupported by the Record*

Gogol requests that Defendant be precluded from instructing the jury on any crimes or violations for which there is no evidence in the record to suggest that they were the basis for her arrest. Specifically, she requests that no instruction be given on certain subsections of New York Penal Law § 240.20—New York's disorderly conduct statute—namely, subsections (1), (4), (5) and (7).[1] Defendant responds that he does not intend to rely on § 240.20(4). As to the balance, he argues that the application is premature. The Court agrees.

As noted, the trial of this case is not scheduled to start until February of 2019. Thus, the Court is not in a position to know what facts Defendant will be able to put properly before the

---

[1] N.Y.P.L. § 240.20 provides in relevant part: A person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof: (1) he engages in fighting or in violent, tumultuous or threatening behavior; or . . . (4) without lawful authority, he disturbs any lawful assembly or meeting of persons; or (5) he obstructs vehicular or pedestrian traffic; or . . . (7) he creates a hazardous or physically offensive condition by any act which serves no legitimate purpose.

jury relevant to the issue of probable cause to arrest Plaintiff. In that regard, "it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest." *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006). Rather, an arrest is lawful "so long as the officer ha[d] . . . probable cause to believe that the person arrested ha[d] committed any crime." *Zellner v. Summerlin*, 494 F.3d 344, 369 (2d. Cir. 2007) (citations omitted).

The appropriate time to revisit this issue is at the jury charge conference after the close of evidence. The motion is DENIED at this juncture.

### III. Defendant's Motions in Limine

Defendant makes nine motions *in limine*.

#### a. *Evidence of Claims already Dismissed*

First, he argues that Gogol should be precluded from offering evidence of claims withdrawn with prejudice or abandoned. Presumably, he is referring to Gogol's claim for municipal liability, which she voluntarily dismissed in response Defendant's motion for summary judgment. *See* August 2017 Order at 25. In any event, Gogol does not challenge or otherwise mention this motion in her responsive papers, and has thus, presumably, disclaimed any intent to offer such evidence. Accordingly, the motion is DENIED as moot.

#### b. *Evidence regarding Indemnification of Defendant by the City of New York*

Defendant argues that Gogol ought not be allowed to put before the jury any suggestion that, in the event the jury finds him liable, the City may be required to indemnify him for any amount the jury may award her. Here again, Defendant does not address this motion in her responsive papers. This motion is therefore also DENIED as moot.[2]

---

[2] To the extent Plaintiff is arguing that she should be allowed to tell the jury that the City will be reimbursing Abdalla, the motion would to preclude that argument would be granted. *See Jean-Laurent v. Hennessy*, 840

4

c. *Reference to Defendant's Counsel as "City Attorneys"*

Defendant is being represented in this matter by attorneys from the office of the Corporation Counsel of the City of New York. He asks that Plaintiff be precluded from referring to his lawyers as "City Attorneys." Defendant argues that any such reference is not only inaccurate, as counsel are representing him in his individual capacity, but also prejudicial, as it may suggest that the City will ultimately be responsible for any monetary award the jury may grant Plaintiff.

Relying on no authority, Plaintiff argues that not only should she be allowed to refer to counsel as "City Attorneys," but that the jury should be affirmatively instructed that the City is the real party in interest. Doc. 73 at 22.

As there appears to be no dispute that defense counsel may be referred to as "attorneys from the office of the Corporation Counsel," *see* Doc. 62 at 6, Doc. 73 at 22, and because of the potential for prejudice to Defendant, *see Jean-Laurent v. Hennessy*, 840 F.Supp.2d 529, 550 (E.D.N.Y. 2011), the motion is GRANTED. Plaintiff is precluded from referring to defense counsel as "City Attorneys," but may refer to them as "attorneys from the office of the Corporation Counsel."

d. *Defendant's Disciplinary History, Personnel File and Lawsuits Against Him*

i. Disciplinary History/Personnel File

Defendant requests that Gogol be precluded from inquiring about any disciplinary history of the defendant. At issue, however, is only one substantiated complaint filed against him with the Civilian Complaint Review Board ("CCRB") prior to the events in the instant case, and one

---

F.Supp.2d 529, 550 (E.D.N.Y. 2011) (precluding evidence that New York City may indemnify defendants because the City was not a party to the action and indemnification was not relevant to any issue before the jury).

lawsuit filed against him after the events of the instant case, which lawsuit is discussed in the next section.

Rule 404(b) of the Federal Rules of Evidence provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," but such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). "The Second Circuit evaluates Rule 404(b) evidence under an 'inclusionary approach' and allows evidence 'for any purpose other than to show a defendant's criminal propensity.'" *United States v. Garcia*, 291 F.3d 127, 136 (2d Cir. 2002) (quoting *United States v. Pitre*, 960 F.2d 1112, 1118 (2d Cir. 1992)). Under the Second Circuit's "inclusionary approach," courts "admit evidence of prior bad acts if the evidence 'is relevant to an issue at trial other than the defendant's character, and if the probative value of the evidence is not substantially outweighed by the risk of unfair prejudice.'" *Id.* (quoting *Tubol,* 191 F.3d at 95). Specifically, the Supreme Court and Second Circuit have distilled the admissibility inquiry under Rule 404(b) to a four-part test: (1) the prior act evidence was offered for a proper purpose; (2) the evidence was relevant to a disputed issue; (3) the probative value of the prior act evidence substantially outweighed the danger of its unfair prejudice; and (4) the court administered an appropriate limiting instruction. *Id.* (citing *Huddleston v. United States.* 485 U.S. 681, 691-92 (1988)).

"Evidence of complaints against police officers may be admissible under FRE 404(b) where the offering party demonstrates that the complaints share 'unusual characteristics' with the conduct at issue so as to 'represent a 'unique scheme.'" *Nibbs v. Goulart*, 822 F. Supp. 2d 339, 349 (S.D.N.Y. 2011) (quoting *Berkovich v. Hicks*, 922 F.2d 1018, 1023 (2d Cir. 1991)).

6

However, courts within this Circuit have been highly reluctant to admit *unsubstantiated* complaints against a police officer defendant on the ground that such evidence's probative value is substantially outweighed by the danger of unfair prejudice. *See, e.g., Jean-Laurent,* 840 F. Supp. 2d at 556 ("[B]ecause the CCRB complaints were not substantiated, the court finds that under Rule 403, the probative-prejudice balancing test weighs heavily in favor of excluding the evidence." (citing *Berkovich,* 922 F.2d at 1022-23)).

Even if evidence of prior bad acts is not admissible under Rule 404(b), it may be admissible against a witness under Rule 608 of the Federal Rules of Evidence. Although "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness," the trial judge "may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of the witness" or "another witness whose character the witness being cross-examined has testified about," Fed. R. Evid. 608(b). As a general matter, "[c]omplaints against officers are not probative of a law enforcement witness's truthfulness or untruthfulness unless the underlying conduct involves dishonesty." *Bryant,* 2017 WL 713897, at *2; *see also United States v. Horsford,* 422 Fed.Appx. 29, 30 (2d Cir. 2011) ("[T]he CCRB report indicates that the underlying conduct involved no dishonesty. Therefore, the report could not have been probative of [police officer defendant's] truthfulness or untruthfulness.").

Two factors compel the conclusion that Defendant's motion should be denied. First, like in the instant case, the gravamen of the complaint before the CCRB was that Abdalla abused his authority by filing a retaliatory summons against an individual who criticized him. Thus, there is a sufficiently close nexus with the acts complained of by Plaintiff to permit admission pursuant to Rule 404(b). Moreover, it is apparent that the substance of the charge is probative of

Defendant's character for truthfulness, and thus is an appropriate area for cross-examination pursuant to Rule 608. Second, the CCRB complaint was substantiated, thus alleviating concerns of undue prejudice pursuant to Rule 403.

Accordingly, the motion *in limine* is DENIED. Plaintiff may introduce into evidence the findings of the CCRB *if* Defendant puts into question his motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.[3] Plaintiff may also cross-examine Defendant about the prior complaint.

      ii.      Lawsuits Against Defendant

Defendant seeks to preclude Gogol from referencing or introducing any evidence of a lawsuit filed against him in this district, *Hayden v. City of New York, et al.*, 17-cv-1894 (RJS), for an incident that took place on March 15, 2016. According to the allegations in that complaint, Plaintiff Hayden was on the sidewalk in the vicinity of 57th Street and Broadway videotaping an interaction between police and a man who was obviously in distress. *Hayden* Doc. 2 at 5.[4] As the police officers were helping the distressed man into an ambulance Abdalla arrived on the scene, approached Hayden, and directed him to stop videotaping. *Id.* Hayden did not cease recording and Abdalla then asked Hayden for identification. *Id.* When Hayden did not comply, Abdalla told him he was under arrest and proceeded to arrest him using, according to the complaint, excessive force. *Id.* at 6. Plaintiff has provided a recording of the incident which depicts a raucous scene involving various police officers and citizens, including a scuffle involving several participants. Doc. 73 Ex. 5.

---

[3] Of course, Plaintiff must present such evidence in admissible fashion.

[4] References to "*Hayden* Doc." are to documents filed in the *Hayden* case with the Clerk of Court.

8

The motion to preclude evidence of the *Hayden* lawsuit is GRANTED. First, the suit is still pending. A defense motion for summary judgment was filed on July 10, 2018 and is *sub judice*. *Hayden Doc*. 40. Accordingly, there has been no finding of liability as to Abdalla and the probative value of those mere charges is outweighed by the danger of unfair prejudice, confusion of the issues and considerations of undue delay. *Cf. Jean-Laurent,* 840 F. Supp. 2d at 556 ("[B]ecause the CCRB complaints were not substantiated, the court finds that under Rule 403, the probative-prejudice balancing test weighs heavily in favor of excluding the evidence." (citing *Berkovich,* 922 F.2d at 1022-23)).

Second, unlike the CCRB complaint against Abdalla, which mirrored the facts of this case in significant ways—e.g., both incidents began as innocuous interactions between just Abdalla and one other individual which then escalated into an arrest that was not physically contested—the incident in the *Hayden* case, as depicted in the video, is much different. In *Hayden*, Abdalla is late to the scene, the scene can fairly be described as tense, there are already a number of other police officers and individuals there, and a scuffle involving various actors ensues during which, among other things, an individual can be seen grabbing at a police officer.[5] These differences establish that the *Hayden* complaint does not share "unusual characteristics" with the conduct at issue so as to "represent a 'unique scheme." *Berkovich ,* 922 F.2d at 1023.

    e. <u>Reference to Police Procedures and Patrol Guide</u>

Defendant seeks to preclude Gogol from referencing or introducing any evidence of N.Y.P.D. police procedure or Patrol Guide provisions. As Plaintiff correctly points out, Defendant does not identify any specific procedure or provision he wishes to preclude. However, the more fundamental flaw in Defendant's argument is that such materials have been

---

[5] It is unclear to the Court whether the police officer being grabbed is Abdalla.

found to be relevant in cases involving police misconduct.  In *Brown v. City of New York*, 798 F.3d 94 (2d Cir. 2015) the Second Circuit determined the reasonableness of an officer's use of force in part by relying on Patrol Guide standard.  798 F.3d at 101 n. 11.  In so doing, the Circuit observed that the Supreme Court in *Tennessee v. Garner,* 471 U.S. 1 (1985), "considered police regulations of several jurisdictions in making a constitutional ruling on excessive force," and noted that "regulations of a single department have also been considered relevant to a constitutional ruling on excessive force."  *Id.* (internal citations omitted); *see also Tardif v. City of N.Y.*, No. 13-cv-4056 (KMW), 2017 U.S. Dist. LEXIS 135607, at *18-19 (S.D.N.Y. Aug. 23, 2017) ("Whether the officers violated the NYPD Patrol Guide remains a significant factor to be considered in ultimately determining whether the officers' actions that day were reasonable and subject to qualified immunity."); *Smith v. City of New York*, No. 12-cv-4922 (NRB), 2015 U.S. Dist. LEXIS 102669, at *10 (S.D.N.Y. August 4, 2015) ("The Patrol Guide has frequently been accepted as evidence of the standard of care exercised by a police officer.").

In light of the foregoing authority, the motion is DENIED.  The use of such materials, however, is still subject to relevancy considerations, and may require a limiting jury instruction.

    *f.*    <u>Preclude Plaintiff from Requesting a Specific Dollar Amount from Jury</u>

Defendant seeks to preclude Gogol from requesting a specific dollar amount from the jury.  As both parties acknowledge, the Second Circuit has expressly declined to establish a per se rule prohibiting counsel from asking juries to award a specific amount.  *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912 (2d Cir. 1997).  Moreover, the Second Circuit has "stated in the context of monetary awards *for pain and suffering* that 'specifying target amounts for the jury to award is disfavored.'"  *Edwards v. City of New York,* No. 08-cv-2199 (TLM), 2011 WL 2748665, at *2 (E.D.N.Y. July 13, 2011) (quoting *Consorti,* 72 F.3d at 1016 (2d Cir.1995))

(emphasis added). In other contexts, the Second Circuit has adopted a "flexible approach" on this issue, holding that "[i]t is best left to the discretion of the trial judge, who may either prohibit counsel from mentioning specific figures or impose reasonable limitations, including cautionary jury instructions." *Lightfoot v. Union Carbide Corp.,* 110 F.3d 898, 912 (2d Cir.1997).

Consequently, adopting the approach taken in the *Edwards* case, the Court GRANTS in part and DENIES in part Defendant's motion. The court will not permit Plaintiff to request from the jury a specific dollar amount regarding damages for pain and suffering, but will allow her to submit to the jury a specific dollar amount regarding other compensable damages she allegedly suffered as a result of Defendant's alleged actions if she presents admissible evidence to support a finding of such damages during her case in chief.

> g. *Reference to Police Misconduct Generally or "Inflammatory Terms"*

Defendant asks that Gogol be precluded from referring to unrelated instances of police misconduct or lawsuits against the police, including those reported in the news media. In addition, Defendant wants to prohibit Gogol from using such inflammatory terms as "testilying" and "blue wall of silence." Doc. 62 at 15. Gogol objects to both aspects of the motion. First, she argues that if her counsel "should deem it appropriate to reference general problem(s) of society, including events in the news or police misconduct in our society . . . she must not be prevented from doing so." Doc. 73 at 16. Actually, yes she must.

The facts of this case are straightforward: they involve the allegedly improper conduct of one police officer in his interactions with Plaintiff at a particular time and in a particular place. The jury will be required to determine whether his actions violated the Constitution or not. There are no other defendants and no allegations of municipal liability. Hence, any discourse on general societal problems, or on misconduct by other police officers unrelated to the Defendant

11

or events at issue in the instant case, are completely irrelevant to the task before the jury. Moreover, such arguments are also prejudicial because they are made precisely to suggest that the Defendant, at the very least, may have acted in conformity with the wrongful conduct of other officers. Accordingly, the motion *in limine* on this aspect of the request is GRANTED.

The Court emphasizes that this holding does *not* prevent Plaintiff from relaying to the jury the perfectly appropriate message she asserts she wants to relay: "Plaintiff's counsel will be addressing the jurors as citizens of this country, and residents of the City of New York. Constitutional rights do not exist in a vacuum, and the value and integrity of those rights can only be understood in relation to the society that we all share." *Id.* The Court has every confidence that experienced trial counsel will be able to communicate this sentiment to the jury in a way that does not violate this holding.

The second aspect of the motion, concerning the use of particular words, is DENIED at this juncture. To be sure, the specific terms listed—"testilying" and "blue wall of silence"—do not appear on their face to be particularly relevant to the issues in this case and, contrary to Plaintiff's assertion, are not common "English language" words. *Id.* These are terms of art that are fraught with negative connotations of police misconduct. It would be imprudent, however, to preclude the use of particular words or phrases in advance of trial. This is a matter that can be adequately addressed during the conduct of the trial.

    *h.*   *Claims Against "P.O. John Doe"*

Defendant asks that Gogol be precluded from raising claims against the John Doe defendant listed in the caption but who was not otherwise identified or served. Here again, Plaintiff does not address the motion or otherwise express an intention to raise any such claim. Accordingly, the motion is DENIED as moot.

*i. YouTube Video*

For the reasons discussed above in Section III(*d*)(ii), the motion to preclude the YouTube video related to the *Hayden* Complaint is GRANTED.

**Conclusion**

For the reasons set forth above, Plaintiff's motions *in limine* are DENIED and Defendant's motions *in limine* are GRANTED in part and DENIED in part. All denials are without prejudice to renew at trial as appropriate.

The Clerk of Court is respectfully directed to terminate the motions, Docs. 61 and 66.

It is SO ORDERED.

Dated:    September 26, 2017
             New York, New York

                                                                       Edgardo Ramos, U.S.D.J.